1   Mary E. McPherson (SBN 177194)
    mmcpherson@tresslerllp.com
2   Mohammed S. Mandegary (SBN 235529)
    mmandegary@tresslerllp.com
3   TRESSLER LLP
    3070 Bristol Street, Suite 450
4   Costa Mesa, CA 92626
    Telephone:  (714) 429-2900
5   Facsimile:   (714) 429-2901

6   Attorneys for Plaintiff
    GREENWICH INSURANCE COMPANY

7

8              **UNITED STATES DISTRICT COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10                                        **EDCV 10-00430 VAP(JEMx)**

11  GREENWICH INSURANCE            CASE NO.
    COMPANY, a Delaware corporation,
12                                         **GREENWICH INSURANCE**
                  Plaintiff,              **COMPANY'S COMPLAINT**
13         v.                             **FOR DECLARATORY RELIEF**
                                          **AND REIMBURSEMENT**
14  BRUCE RODGERS, and DOES 1-10,
    inclusive,
15
                  Defendants.
16

17

18         COMES NOW Plaintiff Greenwich Insurance Company ("Greenwich"), a

19  Delaware corporation, and alleges as follows:

20                        **JURISDICTION**

21         1.     Jurisdiction is founded on diversity of citizenship pursuant to 28

22  U.S.C. §1332, in that it is a civil action between citizens of different states in

23  which the amount in controversy exceeds $75,000, exclusive of interest and costs.

24         2.     Plaintiff Greenwich is now and at all times relevant herein was a

25  corporation formed under the laws of the State of Delaware with its principal place

                                        1

FILED

CLERK U.S. DISTRICT COURT
CENTRAL DISTRICT
SANTA ANA

2010 MAR 23  AM 1:55

BY:___

1 │ of business in Exton, Pennsylvania.

2 │     3.     On information and belief, Defendant Bruce A. Rodgers ("Rodgers"),

3 │ is and at all times relevant herein was an individual residing in Riverside,

4 │ California and a citizen thereof.

5 │ **VENUE**

6 │     4.     Venue is proper because Defendant Rodgers resides in Riverside,

7 │ California and the underlying lawsuit that gives rise to this declaratory relief action

8 │ is pending in the Superior Court of California, Riverside County.

9 │     5.     This is the proper venue under 28 U.S.C. § 1391(a) because each of

10 │ the defendants is subject to personal jurisdiction in this judicial district, and each of

11 │ the defendants reside or do business in this judicial district.

12 │     6.     As more fully described in paragraphs 10, 11 and 24 herein (regarding

13 │ defense and indemnity amounts at issue), the amount in controversy exceeds the

14 │ sum of $75,000, exclusive of interest and costs.

15 │ **THE PARTIES**

16 │     7.     Greenwich is incorporated under the laws of the State of Delaware,

17 │ with its principal place of business in Exton, Pennsylvania.

18 │     8.     On information and belief, Defendant Rodgers, is and at all times

19 │ relevant herein was an individual residing in Riverside, California and a citizen

20 │ thereof.

21 │ **THE UNDERLYING LITIGATION**

22 │     9.     On or about July 18, 2008, Susan Corliss, an individual, filed an

23 │ action against Defendant Rodgers, The Vistawall Group, Oldcastle Glass, Inc. and

24 │ Butler Manufacturing Company, entitled *Corliss v. Bruce Rodgers, et al.,*

25 │ Riverside County Superior Court, Case No. RIC 503804 ("Underlying Litigation"),

1   alleging a cause of action for negligence and seeking recovery for injuries arising
2   out of an alleged automobile accident at or near Ensenada, Mexico, on or about
3   August 5, 2006, at which time Rodgers was driving the Ford vehicle involved in
4   the accident in which plaintiff Corliss was a passenger. A true and correct copy of
5   the Complaint For Personal Injuries ("Complaint") in the Underlying Litigation is
6   attached hereto as Exhibit "A" and incorporated by reference herein.

7       10.    The plaintiff in the Underlying Litigation alleges special and general
8   damages exceeding Fifty Million Dollars ($50,000,000.00), in an amount to be
9   proven at trial. A true and correct copy of Plaintiff's Response To Defendant's
10   Request For Statement Of Damages filed in the Underlying Litigation is attached
11   hereto as Exhibit "B" and incorporated by reference herein.

12      11.    The Complaint states a cause of action for negligence, alleges that
13   Rodgers "negligently, carelessly and/or recklessly operated, controlled, and
14   maintained the FORD VEHICLE so as to cause the FORD VEHICLE to leave a
15   roadway and causing plaintiff SUSAN CORLISS to suffer severe injuries as a
16   result of an automobile accident" and seeks general and special damages, loss of
17   earnings and earning capacity, costs of suit and such other and further relief as the
18   court deems just and proper.

19      12.    The Complaint further alleges that Rodgers was an employee of The
20   Vistawall Group and the Ford vehicle was owned and/or leased by Butler
21   Manufacturing Company, and that the Vistawall Group and/or Butler
22   Manufacturing Company "expressly authorized and knew the company vehicle be
23   used for non-business purposes by" Rodgers and "consented and authorized"
24   Rodgers use of the "company vehicle for all purposes."

25   / / /

13.    The Complaint also alleges that following the accident, Rodgers "with knowledge and consent of THE VISTAWALL GROUP, had the FORD VEHICLE repaired, thereby concealing and preventing plaintiff from discovering any negligent maintenance and repair deficiencies in the vehicle, and/or any product liability defects in the vehicle. The FORD VEHICLE was returned to the leasor by RODGERS without disclosing it was in an accident. . . . The conduct of repairing the vehicle and returning it to the leasor without disclosing the accident or the repairs was conducted by RODGERS and THE VISTAWALL GROUP for the purpose of intentionally covering up, concealing, suppressing, and destroying evidence that would have been unfavorable to defendants in an attempt to prevent plaintiff from learning about the negligence of these defendants in maintaining and repairing the vehicle before the accident."

14.    On or about September 24, 2008, Oldcastle Glass, Inc. filed a Cross-Complaint against Rodgers in the Underlying Litigation stating causes of action for equitable indemnification, equitable contribution, declaratory relief and negligence. The Cross-Complaint seeks a ruling that Rodgers has duties of indemnification and contribution to Oldcastle Glass, Inc., for fees and costs and other relief with respect to the Underlying Litigation. A true and correct copy of that Cross-Complaint is attached hereto as Exhibit "C" and incorporated by reference herein.

## GREENWICH'S INSURANCE POLICY

15.    Greenwich issued a commercial automobile liability policy to Butler Manufacturing Company, Policy No. RAD943716201, effective from June 30, 2006 to June 30, 2007 ("Greenwich Policy").

/ / /

GREENWICH INSURANCE COMPANY'S COMPLAINT FOR DECLARATORY RELIEF AND REIMBURSMENT

16.   The Greenwich Policy states, among other things, that:

**BUSINESS AUTO COVERAGE FORM**

\* \* \*

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations.  The words "we", "us" and "our" refer to the Company providing this insurance.

\* \* \*

**SECTION II – LIABILITY COVERAGE**

A.   **Coverage**

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto".

\* \* \*

We have the right and duty to defend any "insured" against a "suit" asking for such damages . . . .  However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" . . .  to which this insurance does not apply. . . .

\* \* \*

1.   **Who Is An Insured**

The following are "insureds":

a.   You for any covered "auto".

b.   Anyone else while using with your permission a covered "auto" you own, hire or borrow except:

5

(1)     The owner or anyone else from whom you hire or borrow a covered "auto". This exception does not apply if the covered "auto" is a "trailer" connected to a covered "auto" you own.

* * *

**B.     Exclusions**

This insurance does not apply to any of the following:

**1.     Expected Or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the "insured".

* * *

**SECTION IV – BUSINESS AUTO CONDITIONS**

The following conditions apply in addition to the Common Policy Conditions:

**A.     Loss Conditions**

* * *

**2.     Duties In The Event Of Accident, Claim, Suit or Loss**

We have no duty to provide coverage under this policy unless there has been full compliance with the following duties:

**a.**     In the event of an "accident", claim, "suit" or "loss", you must give us or our authorized representative prompt notice of the "accident" or "loss". Include:

GREENWICH INSURANCE COMPANY'S COMPLAINT FOR DECLARATORY RELIEF AND REIMBURSMENT

      **(1)**    How, when and where the "accident" or "loss" occurred;

      **(2)**    The "insured's" name and address; and

      **(3)**    To the extent possible, the names and addresses of any injured persons and witnesses.

   **b.**    Additionally, you and any other involved "insured" must:

      **(1)**    Assume no obligation, make no payment or incur no expense without our consent, except at the "insured's" own cost.

      **(2)**    Immediately send us copies of any request, demand, order, notice, summons or legal paper received concerning the claim or "suit".

      **(3)**    Cooperate with us in the investigation or settlement of the claim or defense against the "suit".

      **(4)**    Authorize us to obtain medical records or other pertinent information.

      **(5)**    Submit to examination, at our expense, by physicians of our choice, as often as we reasonably require.

          \* \* \*

GREENWICH INSURANCE COMPANY'S COMPLAINT FOR DECLARATORY RELIEF AND REIMBURSMENT

**B.** **General Conditions**

\* \* \*

**2.** **Concealment, Misrepresentation Or Fraud**

This Coverage Form is void in any case of fraud by you at any time as it relates to this Coverage Form. It is also void if you or any other "insured", at any time, intentionally conceal or misrepresent a material fact concerning:

**a.** This Coverage Form;

**b.** The covered "auto";

**c.** Your interest in the covered "auto"; or

**d.** A claim under this Coverage Form.

\* \* \*

**5.** **Other Insurance**

**a.** For any covered "auto" you own, this Coverage Form provides primary insurance. For any covered "auto" you don't own, the insurance provided by this Coverage Form is excess over any other collectible insurance. . . .

\* \* \*

**d.** When this Coverage Form and any other Coverage Form or policy covers on the same basis, either excess or primary, we will pay only our share. Our share is the proportion that the Limit of Insurance of our Coverage Form bears to the total of the

8

limits of all the Coverage Forms and policies covering on the same basis.

\* \* \*

7. **Policy Period, Coverage Territory**

Under this Coverage Form, we cover "accidents" and "losses" occurring:

a.   During the policy period shown in the Declarations; and

b.   Within the coverage territory.

The coverage territory is:

a.   The United States of America;

b.   The territories and possessions of the United States of America;

c.   Puerto Rico;

d.   Canada; and

e.   Anywhere in the world if:

(1)   A covered "auto" of the private passenger type is leased, hired, rented or borrowed without a driver for a period of 30 days or less; and

(2)   The "insured's" responsibility to pay damages is determined in a "suit" on the merits, in the United States of America, the territories and possessions of the United

GREENWICH INSURANCE COMPANY'S COMPLAINT FOR DECLARATORY RELIEF AND REIMBURSMENT

1    States of America, Puerto Rico, or Canada

2    or in a settlement we agree to.

3    We also cover "loss" to, or "accidents" involving, a

4    covered "auto" while being transported between any of

5    these places.

6    * * *

7    **SECTION V – DEFINITIONS**

8    **A.**   "Accident" includes continuous or repeated exposure to the

9    same conditions resulting in "bodily injury" or "property

10   damage".

11   * * *

12   **C.**   "Bodily injury" means bodily injury, sickness or disease

13   sustained by a person including death resulting from any of

14   these.

15   * * *

16   **G.**   "Insured" means any person or organization qualifying as an

17   insured in the Who Is An Insured provision of the applicable

18   coverage.   Except with respect to the Limit of Insurance, the

19   coverage afforded applies separately to each insured who is

20   seeking coverage or against whom a claim or "suit" is brought.

21   * * *

22   **J.**   "Loss" means direct and accidental loss or damage.

23       17.   The Greenwich Policy also contains an endorsement titled "LIMITED

24   MEXICO COVERAGE" (ISO form CA 01 21 02 99), which states, among other

25   things, as follows:

1   **LIMITED MEXICO COVERAGE**

2   **WARNING**

3   AUTO ACCIDENTS IN MEXICO ARE SUBJECT TO THE LAWS

4   OF MEXICO ONLY – **NOT** THE LAWS OF THE UNITED

5   STATES OF AMERICA.  THE REPUBLIC OF MEXICO

6   CONSIDERS ANY AUTO ACCIDENT A **CRIMINAL OFFENSE**

7   AS WELL AS A CIVIL MATTER.

8   IN SOME CASES THE COVERAGE PROVIDED UNDER **THIS**

9   **ENDORSEMENT MAY NOT BE RECOGNIZED BY THE**

10  **MEXICAN AUTHORITIES** AND WE MAY NOT BE ALLOWED

11  TO IMPLEMENT THIS COVERAGE AT ALL IN MEXICO.  YOU

12  SHOULD CONSIDER PURCHASING AUTO COVERAGE FROM

13  A LICENSED MEXICAN INSURANCE COMPANY BEFORE

14  DRIVING INTO MEXICO.

15  THIS ENDORSEMENT DOES **NOT** APPLY TO ACCIDENTS OR

16  LOSSES WHICH OCCUR OUTSIDE OF 25 MILES FROM THE

17  BOUNDARY OF THE UNITED STATES OF AMERICA.

18  \* \* \*

19  A.   Coverage

20      1.   Paragraph **7**. **Policy Period, Coverage Territory** of the

21          **General Conditions** is amended by the addition of the

22          following:

23          The coverage territory is extended to include Mexico but

24          only for:

25

GREENWICH INSURANCE COMPANY'S COMPLAINT FOR DECLARATORY RELIEF AND REIMBURSEMENT

1            **a.**     "Accidents" or "losses" occurring within 25 miles

2                  of the United States border; and

3            **b.**     Trips into Mexico of 10 days or less.

4        **2.**     The **Other Insurance** Condition in the Business Auto . .

5          . Coverage Forms is replaced by the following:

6                The insurance provided by this endorsement will

7                be excess over any other collectible insurance.

8    **GREENWICH'S COVERAGE POSITION AND THE DEFENSE OF**

9    **RODGERS IN THE UNDERLYING LITIGATION**

10      18.    The accident which gave rise to the Underlying Litigation took place

11  on or about August 5, 2006.

12      19.    The Underlying Litigation was commenced on July 18, 2008.

13      20.    Greenwich was first notified of the accident which gave rise to the

14  Underlying Litigation on or about April 29, 2008.

15      21.    Rodgers tendered the defense of the Underlying Litigation to

16  Greenwich on or about December 12, 2008 ("Tender Letter").  A true and correct

17  copy of the Tender Letter is attached hereto as Exhibit "D" and incorporated by

18  reference herein.

19      22.    In response to the Tender Letter, based on its determination that

20  Rodgers potentially qualified as an insured under the Who Is An Insured provision

21  of the Greenwich Policy to the extent that he was using a covered auto with the

22  permission of the named insured, Greenwich responded to Rodgers and agreed to

23  defend Rodgers in the Underlying Litigation under a full and complete reservation

24  of rights, including the "right to file a declaratory judgment for the purpose of

25  asserting non-coverage" and "right to file a declaratory judgment action, to seek

12

1   reimbursement from Mr. Rodgers for defense costs paid in the defense of

2   uncovered allegations, claims and/or causes of action" ("Reservation of Rights

3   Letter"). A true and correct copy of the Reservation of Rights Letters to Rodgers

4   is attached hereto as Exhibit "E" and incorporated by reference herein.

5       23.   Greenwich specifically reserved the following non-inclusive list of

6   rights in the Reservation of Rights Letter:

7       a.   To the extent that Rodgers did not have permission to use the

8   Ford vehicle at the time of the accident, he would not qualify as an insured under

9   the Greenwich Policy.

10       b.   That there may be no coverage under the Greenwich Policy

11   pursuant to the Limited Mexico Coverage endorsement if the accident occurred 25

12   miles or more away from the United States border.

13       c.   That there may be no coverage to the extent Rodgers breached

14   the conditions of the Greenwich Policy by failing to give Greenwich prompt notice

15   of the accident.

16       d.   That there is no coverage to the extent Rodgers breached the

17   conditions of the Greenwich Policy by making voluntary payments.

18       e.   That there may be no coverage to the extent Rodgers breached

19   the conditions of the Greenwich Policy by not cooperating as required by the

20   Greenwich Policy.

21       f.   That there may be no coverage to the extent Rodgers breached

22   the conditions of the Greenwich Policy by his concealment, misrepresentation or

23   fraud.

24       g.   That there may be no coverage to the extent the bodily injury

25   or property damage was expected or intended.

1        h.     That there may be no coverage to the extent that the Greenwich

2 Policy is excess to other insurance.

3        i.     Reserving the "right to file a declaratory judgment for the

4 purpose of asserting non-coverage, and reserves the right to withdraw from this

5 matter in accordance with applicable law[.]"

6        j.     Reserving the "right to file a declaratory judgment action, to

7 seek reimbursement from Mr. Rodgers for defense costs paid in the defense of

8 uncovered allegations, claims and/or causes of action."

9      24.     Subject to the Reservation of Rights Letter, Greenwich has been

10 paying fees, costs and expenses for the defense of Rodgers in the Underlying

11 Litigation since December 12, 2008.

12      25.     Greenwich has performed all obligations required under the

13 Greenwich Policy, and has at all times conducted itself in accordance with the

14 covenant of good faith and fair dealing implied by law.

15                            **INTRODUCTION**

16      26.     Greenwich brings the instant action for declaratory relief pursuant to

17 28 U.S.C. §2201 to obtain a judicial declaration of its rights and obligations under

18 the Greenwich Policy, and to enforce its rights as reserved.

19      27.     Greenwich brings this action to obtain a declaration that it has no duty

20 to defend and no duty to indemnify Rodgers under the Greenwich Policy with

21 respect to the Underlying Litigation.

22      28.     Greenwich further brings this action to obtain a declaration that it is

23 entitled to reimbursement from Rodgers for fees, costs and expenses paid by

24 Greenwich to defend Rodgers in the Underlying Litigation.

25 / / /

GREENWICH INSURANCE COMPANY'S COMPLAINT FOR DECLARATORY RELIEF AND
REIMBURSMENT

29.     Greenwich also brings this action to obtain a declaration that it is entitled to reimbursement from Rodgers for any indemnity payments it makes on behalf of Rodgers towards settlement or a judgment in the Underlying Litigation.

## FIRST CLAIM FOR RELIEF

### (Declaratory Relief - Duty to Defend or Pay Defense Costs)

30.     Greenwich incorporates Paragraphs 1 through 29 above as though fully set forth herein.

31.     Greenwich seeks a judicial declaration that it is not obligated under the terms, provisions, exclusions, conditions and endorsements of the Greenwich Policy, including but not limited to those listed in Paragraph 23, *supra*, to defend Rodgers in the Underlying Litigation.

32.     Among other bases, including the non-inclusive list of reservations discussed in Paragraph 23, *supra*, Greenwich has no obligation to defend Rodgers under the Greenwich Policy in connection with the Underlying Litigation.

33.     Greenwich contends the allegations, claims and/or damages in the Underlying Litigation either do not fall within the coverage provided under the Greenwich Policy, or fall within applicable exclusions to the Greenwich Policy. Greenwich also contends that Defendant Rodgers failed to comply with one or more applicable conditions under the Greenwich Policy.

34.     An actual controversy has now arisen and exists between Greenwich on the one hand, and Rodgers on the other hand, in that Greenwich contends and, upon information and belief, Rodgers denies, that Greenwich is not obligated to defend Rodgers in the Underlying Litigation

35.     An actual controversy has now arisen and exists concerning Greenwich's rights and duties under the Greenwich Policy in connection with the

15

1   Underlying Litigation.

2        36.    Such a declaration is necessary and appropriate at this time in order

3   that Greenwich may ascertain its rights and duties under the Greenwich Policy.

4                              **SECOND CLAIM FOR RELIEF**

5   **(Declaratory Relief - Duty to Indemnify Rodgers in the Underlying Litigation)**

6        37.    Greenwich incorporates Paragraphs 1 through 36 above as though

7   fully set forth herein.

8        38.    Greenwich seeks a judicial declaration that it is not obligated under

9   the terms, provisions, exclusions, conditions and endorsements of the Greenwich

10  Policy, including but not limited to those listed in Paragraph 23, *supra*, to

11  indemnify Rodgers in connection with any settlements reached or judgments

12  entered in the Underlying Litigation.

13       39.    Among other bases, including the non-inclusive list of reservations

14  discussed in Paragraph 23, *supra*, Greenwich has no obligation to indemnify

15  Rodgers under the Greenwich Policy in the Underlying Litigation.

16       40.    Greenwich contends the allegations, claims and/or damages in the

17  Underlying Litigation either do not fall within the coverage provided under the

18  Greenwich Policy, or fall within applicable exclusions to the Greenwich Policy.

19  Greenwich also contends that Defendant Rodgers failed to comply with one or

20  more applicable conditions under the Greenwich Policy.

21       41.    An actual controversy has now arisen and exists between Greenwich

22  on the one hand, and Rodgers on the other hand, in that Greenwich contends and,

23  upon information and belief, Rodgers denies, that Greenwich is not obligated to

24  indemnify Rodgers in the Underlying Litigation.

25  / / /

GREENWICH INSURANCE COMPANY'S COMPLAINT FOR DECLARATORY RELIEF AND
REIMBURSMENT

42.   An actual controversy has now arisen and exists concerning Greenwich's rights and duties under the Greenwich Policy relative to the Underlying Litigation.

43.   Such a declaration is necessary and appropriate at this time in order that Greenwich may ascertain its rights and duties under the Greenwich Policy.

### THIRD CLAIM FOR RELIEF

**(Declaratory Relief - Right to Reimbursement of Defense Fees and Costs)**

44.   Greenwich incorporates Paragraphs 1 through 43 above as though fully set forth herein.

45.   Greenwich desires a declaration that Greenwich has a right to reimbursement by Rodgers of fees, costs and expenses Greenwich has paid for the defense of Rodgers in the Underlying Litigation, for which there is no coverage under the Greenwich Policy.

46.   Greenwich contends the allegations, claims and/or damages in the Underlying Litigation either do not fall within the coverage provided under the Greenwich Policy, or fall within applicable exclusions to the Greenwich Policy. Greenwich also contends that Defendant Rodgers failed to comply with one or more applicable conditions under the Greenwich Policy.

47.   An actual controversy has arisen and now exists between Greenwich and Rodgers in that Greenwich contends and, upon information and belief, Rodgers denies, Greenwich has a right to reimbursement by Rodgers of fees, costs and expenses incurred by Greenwich for the defense of Rodgers in the Underlying Litigation for which there is no coverage under the Greenwich Policy.

/ / /

/ / /

GREENWICH INSURANCE COMPANY'S COMPLAINT FOR DECLARATORY RELIEF AND REIMBURSMENT

1    48.    Accordingly, Greenwich seeks reimbursement from Defendant

2  Rodgers for the defense of claims for which there is no coverage under the

3  Greenwich Policy.

4    49.    Such a declaration is necessary and appropriate at this time in order

5  that Greenwich may ascertain its rights and duties under the Greenwich Policy.

6  **FOURTH CLAIM FOR RELIEF**

7  **(Declaratory Relief - Right to Reimbursement of Indemnity Payments)**

8    50.    Greenwich incorporates Paragraphs 1 through 49 above as though

9  fully set forth herein.

10    51.    Greenwich desires a declaration that Greenwich has a right to

11  reimbursement by Rodgers of indemnity payments that may be made by

12  Greenwich in the Underlying Litigation, to the extent that Greenwich pays

13  anything on behalf of Rodgers towards settlement or a judgment in the Underlying

14  Litigation, for which there is no coverage under the Greenwich Policy.

15    52.    Greenwich contends the allegations, claims and/or damages in the

16  Underlying Litigation either do not fall within the coverage provided under the

17  Greenwich Policy, or fall within applicable exclusions to the Greenwich Policy.

18  Greenwich also contends that Defendant Rodgers failed to comply with one or

19  more applicable conditions under the Greenwich Policy.

20    53.    An actual controversy has arisen and now exists between Greenwich

21  and Rodgers in that Greenwich contends and, upon information and belief,

22  Rodgers denies, Greenwich has a right to reimbursement by Rodgers of indemnity

23  payments that may be made by Greenwich in the Underlying Litigation, to the

24  extent that Greenwich pays anything towards settlement or a judgment in the

25

1    Underlying Litigation on behalf of Rodgers, for which there is no coverage under

2    the Greenwich Policy.

3           54.    Such a declaration is necessary and appropriate at this time in order

4    that Greenwich may ascertain its rights and duties as to the Rodgers under the

5    Greenwich Policy.

6           WHEREFORE, Greenwich prays for relief as follows:

7    1.     For a declaration of the rights, duties and obligations of the

8           parties herein;

9    2.     For a declaration that Greenwich is not obligated to defend

10          Rodgers in the Underlying Litigation based on the Greenwich

11          Policy's   terms,   provisions,   conditions,   exclusions   and

12          endorsements;

13   3.     For a declaration that Greenwich is not obligated to indemnify

14          Rodgers in the Underlying Litigation based on the Greenwich

15          Policy's   terms,   provisions,   conditions,   exclusions   and

16          endorsements;

17   4.     For a declaration that Greenwich is entitled to reimbursement

18          from Rodgers for the fees, costs and expenses Greenwich has

19          paid to defend Rodgers in the Underlying Litigation for which

20          there is no coverage under the Greenwich Policy;

21   5.     For a declaration that Greenwich is entitled to reimbursement

22          from Rodgers for any indemnity payments it may make on

23          behalf of Rodgers towards settlement or a judgment in the

24          Underlying Litigation for which there is no coverage under the

25          Greenwich Policy;

6.    For damages according to proof;

7.    For prejudgment and postjudgment interest;

8.    For costs of suit; and

9.    For such other and further relief as the Court deems appropriate.

Dated:  March *23*, 2010        TRESSLER LLP


By:    _____
        Mary E. McPherson
        Mohammed S. Mandegary
        Attorneys for Plaintiff
        GREENWICH INSURANCE COMPANY

OC#26917

GREENWICH INSURANCE COMPANY'S COMPLAINT FOR DECLARATORY RELIEF AND
REIMBURSMENT

# EXHIBIT A

1  MICHAEL J. BIDART #60582
2  GREGORY L. BENTLEY #151147
   STEVE SCHUETZE #143778
3  **SHERNOFF BIDART**
   **DARRAS ECHEVERRIA, LLP**
4  600 South Indian Hill Boulevard
   Claremont, CA 91711
5  Telephone: (909) 621-4935
6  Facsimile: (909) 625-6915

7  Attorneys for Plaintiff

8

F I L E D
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE
JUL 18 2008
J. Dorame

JD1
JUL 18 2008
R

9          SUPERIOR COURT FOR THE STATE OF CALIFORNIA

10              FOR THE COUNTY OF RIVERSIDE

11

12  SUSAN CORLISS, an individual          Case No.: RIC 503804

13          Plaintiff,                    COMPLAINT FOR PERSONAL
                                          INJURIES; DEMAND FOR TRIAL BY
14      vs.                               JURY

15

16  BRUCE RODGERS, an individual; THE
    VISTAWALL GROUP, business form
17  unknown; OLDCASTLE GLASS, INC.;
    BUTLER MANUFACTURING
18  COMPANY; DOES 1-100, inclusive

19          Defendants.

RECEIVED
DEC 17 2008
LEGAL DEPARTMENT

20

21

22

23

24      Plaintiff SUSAN CORLISS, for causes of action against defendants, and each of

25  them, allege as follows:

26

27

28

- 1 -

COMPLAINT FOR PERSONAL INJURIES; DEMAND FOR TRIAL BY JURY

SHERNOFF BIDART
DARRAS ECHEVERRIA
LAWYERS FOR INSURANCE POLICYHOLDERS

# GENERAL ALLEGATIONS

**A.    Plaintiff**

1.    At all relevant times, plaintiff SUSAN CORLISS is and was a resident of the State of California.

**B.    Defendants**

2.    At all relevant times, herein mentioned Defendant BRUCE A. RODGERS is an individual, and is and was a resident of Riverside County, California.

3.    THE VISTAWALL GROUP, business form unknown, at all relevant times was authorized and doing business in Rancho Cucamonga, California.   At all relevant times OLDCASTLE GLASS, INC, a Delaware Corporation, has acquired, and is the successor corporation, for THE VISTAWALL GROUP.   Based on information and belief, at all relevant times, BRUCE A. RODGERS was acting as an agent and/or employee of THE VISTAWALL GROUP.

4.    BUTLER MANUFACTURING COMPANY, at all relevant times is a Delaware Corporation, authorized to and doing business in California.

5.    The  true names and capacities, whether individual, corporate, associate or otherwise, of defendants DOES 1-100, inclusive, and each of them, are unknown to plaintiffs, who thereby sues these defendants by such fictitious names, and will ask leave of this court to amend this complaint when the same shall have been ascertained. Plaintiffs are informed and believe and upon that basis allege that each defendant named herein as a DOE is responsible in some manner for the events and happenings referred to herein which proximately caused injury to plaintiff as hereinafter alleged.

6.    Plaintiff  is informed and believes and on that basis alleges that at all times mentioned herein the defendants, and each of them, were the agents, joint venturers, servants, employees, assistants and consultants of each other, and were as such acting within the course, scope and authority of said agency, joint venture and employment, and that each and every defendant, when acting as a principal, was negligent and

COMPLAINT FOR PERSONAL INJURIES: DEMAND FOR TRIAL BY JURY

SHERNOFF BIDART
DARRAS ECHEVERRIA
LAWYERS FOR INSURANCE POLICYHOLDERS

1   reckless in the selection, hiring, entrustment and supervision of each and every other

2   defendant as an agent, servant, employee assistant or consultant.

3

4                          **FIRST CAUSE OF ACTION**

5                                **(Negligence)**

6        PLAINTIFF, FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANTS

7   BRUCE RODGERS, THE VISTAWALL GROUP, OLDCASTLE GLASS, INC., AND

8   DOES 1 THROUGH 100, INCLUSIVE AND EACH OF THEM, FOR NEGLIGENCE,

9   ALLEGE:

10  6.      Plaintiff refers to each and every one of the above paragraphs, and incorporate

11  those paragraphs as though set forth in full in this cause of action.

12  7.      On August 5, 2006, plaintiff CORLISS was a passenger in a Ford vehicle, vehicle

13  ID # 1FAFP53U47A187092 (hereafter referred to as "FORD VEHICLE").

14  8.      On August 5, 2006, Said FORD VEHICLE was being operated and driven by

15  BRUCE RODGERS, an employee of THE VISTAWALL GROUP at or near Ensenada,

16  Mexico.

17  9.      Said FORD VEHICLE, was owned and/or leased by BUTLER

18  MANUFACTURING COMPANY.

19  10.     BRUCE RODGERS was a salesperson and/or agent for THE VISTAWALL

20  GROUP and/or BUTLER MANFACTURING COMPANY.   His business territory

21  included Fresno, Victorville, and San Diego California.  RODGERS also had clients in

22  Tijuana and Ensenada, Mexico.

23  11.     THE VISTAWALL GROUP and/or BUTLER MANUFACTURING COMPANY,

24  paid for the lease and insurance of the Ford Vehicle.   The Ford Vehicle was a company

25  vehicle used for business purposes by BRUCE RODGERS.   THE VISTAWALL

26  GROUP and/or BUTLER MANUFACTURING COMPANY were responsible for

27  maintenance and repair of the subject FORD VEHICLE.

28

SHERNOFF BIDART
DARRAS ECHEVERRIA
LAWYERS FOR INSURANCE POLICYHOLDERS

- 3 -

1   12.   THE VISTAWALL GROUP and/or BUTLER MANUFACTURING COMPANY also
2   expressly authorized and knew the company vehicle be used for non-business
3   purposes by BRUCE RODGERS.  THE VISTAWALL GROUP and/or BUTLER
4   MANUFACTURING COMPANY consented and authorized BRUCE RODGERS of the
5   FORD VEHICLE as a company vehicle for all purposes.

6   13.   On August 5, 2006, BRUCE RODGERS and Does 1-25 negligently, carelessly
7   and/or recklessly operated, controlled, and maintained the FORD VEHICLE so as to
8   cause the FORD VEHICLE to leave a roadway and causing plaintiff SUSAN CORLISS
9   to suffer severe injuries as a result of an automobile accident.

10   14.   Defendants THE VISTAWALL GROUP, OLDCASTLE GLASS, INC (as
11   successor in interest to THE VISTAWALL GROUP), and BUTLER MANUFACTURING ,
12   and Does 26 – 100 were negligent and careless in their ownership, lease, control,
13   maintenance and/or repair of the FORD VEHICLE, and such negligence was a
14   substantial factor in causing the accident of August 5, 2006, and causing plaintiff
15   SUSAN CORLISS.

16   15.   Following the accident, defendants BRUCE RODGERS, with the knowledge and
17   consent of THE VISTAWALL GROUP, had the FORD VEHICLE repaired, thereby
18   concealing and preventing plaintiff from discovering any negligent maintenance and
19   repair deficiencies in the vehicle, and/or any product liability defects in the vehicle.  The
20   FORD VEHICLE was returned to the leasor by RODGERS without disclosing it was in
21   an accident.

22   16.   BRUCE RODGERS' superior at THE VISTAWALL GROUP, Paul Wagner, was
23   present when BRUCE RODGERS returned the repaired vehicle and had full knowledge
24   that the vehicle was being returned without disclosing it had been in an accident and
25   without out disclosing any repairs made to the vehicle.  The conduct of repairing the
26   vehicle and returning it to the leasor without disclosing the accident or the repairs was
27   conducted by RODGERS and THE VISTAWALL GROUP for the purpose of
28   intentionally covering up, concealing, suppressing, and destroying evidence that would

SHERNOFF BIDART
DARRAS ECHEVERRIA
LAWYERS FOR INSURANCE POLICYHOLDERS

1   have been unfavorable to defendants in an attempt to prevent plaintiff from learning

2   about the negligence of these defendants in maintaining and repairing the vehicle

3   before the accident.

4   17.   Plaintiff SUSAN CORLISS sustained severe permanent injuries as a result of the

5   negligence of the defendants.   As a result of the accident SUSAN CORLISS suffered a

6   C5 fracture, and is now an incomplete C5-C6 quadriplegic.   She has a neurogenic

7   bowel and bladder.   She has no use of her lower extremities, and very limited use of

8   her upper extremities.

9   18.   As a proximate result of the aforementioned negligence of defendants and each

10  of them, plaintiff SUSAN CORLISS was injured in his health, strength and activity,

11  sustaining severe injuries which have caused and continue to cause plaintiff great

12  mental, physical and nervous pain and suffering.  Plaintiff is also informed and believes

13  and thereon alleges that his injuries will result in permanent disability, all to plaintiff's

14  general damages according to proof.

15  19.   As a further and proximate result of the negligence of defendants BRUCE

16  RODGERS, THE VISTAWALL GROUP, OLDCASTLE GLASS, INC (as successor in

17  interest to THE VISTAWALL GROUP), BUTLER MANUFACTURING COMPANY and

18  DOES 1 through 100, and each of them, plaintiff was required to and did employ

19  physicians and surgeons to examine, treat and care for plaintiff and did, and will

20  continue to incur medical, incidental and surgical expenses in an amount according to

21  proof.

22  20.   As a further and proximate result of the negligence of defendants BRUCE

23  RODGERS, THE VISTAWALL GROUP, OLDCASTLE GLASS, INC (as successor in

24  interest to THE VISTAWALL GROUP), BUTLER MANUFACTURING COMPANY, and

25  DOES 1 through 100, and each of them, plaintiff has suffered loss of past and future

26  wages, and a diminished earning capacity in an amount according to proof.

27  //

28  //

- 5 -

SHERNOFF BIDART
DARRAS ECHEVERRIA;
LAWYERS FOR INSURANCE POLICYHOLDERS

1

**PRAYER**

2          WHEREFORE, plaintiff SUSAN CORLISS prays for damages against

3   defendants, and each of them, as follows:

4          1.      For general damages in an amount according to proof for her mental and

5   physical distress, pain, suffering and disabilities;

6          2.      For special damages in an amount according to proof at trial;

7          3.      For actual loss of earnings and earning capacity, according to proof;

8          4.      For costs of suit herein incurred;

9          5.      For such other and further relief as the Court may deem just and proper.

10

11

12   Dated:  July 17, 2008.                    SHERNOFF BIDART
                                               DARRAS ECHEVERRIA LLP
13

14

15                                             By: _____

16                                             GREGORY L. BENTLEY
                                               Attorneys for Plaintiff
17

18                              **JURY DEMAND**

19          Plaintiff hereby demands a jury trial.

20

21   Dated:  July 17, 2008.                    SHERNOFF BIDART
                                               DARRAS ECHEVERRIA LLP
22

23

24                                             By: _____

25                                             GREGORY L. BENTLEY
                                               Attorneys for Plaintiff
26

27

28

- 6 -

# EXHIBIT B

1   MICHAEL J. BIDART #60582
    GREGORY L. BENTLEY #151147
2   STEVE SCHUETZE, #143778
    **SHERNOFF BIDART**
3   **DARRAS ECHEVERRIA, LLP**
    600 South Indian Hill Boulevard
4   Claremont, CA 91711
5   Phone:      (909) 621-4935
    Facsimile:  (909) 625-6915
6
7   Attorneys for Plaintiff
8
9                    SUPERIOR COURT OF THE STATE OF CALIFORNIA
10                   FOR THE COUNTY OF RIVERSIDE - CENTRAL
11
12  SUSAN CORLISS, an individual        Case No.: RIC 503804
13            Plaintiff,
                                        PLAINTIFF'S RESPONSE TO
14  vs.                                 DEFENDANT'S REQUEST FOR
                                        STATEMENT OF DAMAGES
15  BRUCE RODGERS, an individual;  THE
16  VISTAWALL GROUP, business form
    unknown; OLDCASTLE GLASS, INC.;
17  BUTLER MANUFACTURING
    COMPANY; DOES 1-100, inclusive
18
19            Defendants.
20
21  TO DEFENDANT, BRUCE RODGERS, AND HIS ATTORNEYS OF RECORD:
22       COMES NOW THE PLAINTIFF, SUSAN CORLISS, and sets forth her damages
    as follows:
23                            **SPECIAL DAMAGES:**
24  Public Trauma Hospital                              $ Unknown
25  Ensenada, Mexico                                      Request
                                                          for
26                                                        Records
                                                          pending
27  Private Hospital                                    $ Unknown
28  Ensenada, Mexico                                      Request
                                                          for

SHERNOFF BIDART
DARRAS ECHEVERRIA
LAWYERS FOR INSURANCE POLICYHOLDERS

|  |  | Records pending |
|---|---|---|
| Sharp Memorial Hospital<br>8695 Spectrum Center Blvd<br>San Diego, CA 92123 |  | $ 243,520.05 |
| Loma Linda University Medical Center<br>11234 Anderson Street<br>Loma Linda, CA 92354 |  | $ Unknown<br>Request<br>for<br>Records<br>Pending |
| Ramin Raiszadeh, MD<br>4130 La Jolla Village Drive<br>Ste 180<br>La Jolla, CA 92037<br>858-909-9095<br>La Jolla spine Institute |  | $ 31,424.00 |
| Casa Colina Centers for Rehabilitation<br>255 East Bonita Avenue<br>Pomona, CA 91769-6001 |  | $ 58,591.76 |

| 1) | Dept. 3440- Routine | $ 30,400.00 |
|---|---|---|
| 2) | Dept. 4470- Central Supply #1 | $ 1,787.81 |
| 3) | Dept. 4480- Central Supply #2 | $ 1,361.23 |
| 4) | Dept. 4500- Lab | $ 115.00 |
| 5) | Dept. 4501- Lab 2 | $ 83.90 |
| 6) | Dept.4710- Pharmacy | $ 5,024.82 |
| 7) | Dept. 4770- Physical Therapy | $ 11,088.00 |
| 8) | Dept. 4780- Speech | $ 1,890.00 |
| 9) | Dept. 4790- Occupational | $ 6,006.00 |
| 10) | Dept. 4870- Psych | $ 835.00 |

Braswells Yucaipa Valley Convalescent
35253 Avenue H
Yucaipa, CA 92399                                        $Unknown
                                                        Request for
                                                        Records
                                                        Pending

2. Future medical specials:                             $25,000,000.00

3. Property damage:                                     None at this time

4. Loss of earnings:                                    To be determined

Response to Request for Damages

SHERNOFF BIDART
DARRAS ECHEVERRIA
LAWYERS FOR INSURANCE POLICYHOLDERS

1

5. Future loss of earnings:                                      To be determined

2

*GENERAL DAMAGES*:

3

For pain and suffering:                                         $25,000,000.00

4

5

Dated:  December 10, 2008                     SHERNOFF BIDART
                                              DARRAS ECHEVERRIA, LLP

6

7

By: _____

8

GREGORY L. BENTLEY
STEVE SCHUETZE

9

Attorneys for Plaintiff

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 3 -

Response to Request for Damages

## PROOF OF SERVICE

### STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is: 600 South Indian Hill Boulevard, Claremont, California 91711.

On **December 10, 2008**, I served the foregoing document described as:

## PLAINTIFF'S RESPONSE TO DEFENDANT'S REQUEST FOR STATEMENT OF DAMAGES

on all interested parties in this action by placing [XX] the original  [  ] a true copy  thereof enclosed in sealed envelopes addressed as follows:

### See Attached List

[XX] BY MAIL
I caused such envelope to be deposited in the mail at Claremont, California. The envelope was mailed with postage thereon fully prepaid. I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing. It is deposited with U.S. postal service on that same day in the ordinary course of business. I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than 1 day after date deposit for mailing in affidavit.

[  ] BY PERSONAL SERVICE
I caused to be delivered by hand to the above-listed addressees or to the addressees on the list attached hereto. A proof of service executed by the delivery person will be mailed under separate cover.

[  ] BY OVERNIGHT MAIL/COURIER
To expedite the delivery of the above-named document, said document was sent via overnight courier for next day delivery to the above-listed party.

[  ] BY FACSIMILE ("FAX")
In addition to the manner of proof of service indicated above, a copy was sent by FAX to the above-listed party.

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made. I declare under penalty of perjury under the laws of California that the above is true and correct.

Executed on **December 10, 2008**, at Claremont, California.

*Karen A. Wolack*

KAREN A. WOLACK

## Service List

Jeffrey M. Lenkov, Esq.
Jamie L. Fugere, Esq.
MANNING & MARDER
KASS, ELLROD, RAMIREZ, LLP
15th Floor at 801 Tower
801 S. Figueroa Street
Los Angeles, CA 90017
Phone: (213) 624-6900
Fax: (213) 624-6999

Attorneys for Defendants
OLDCASTLE GLASS, INC., THE VISTA
WALL GROUP; and BUTLER
MANUFACTURING COMPANY

Christian Wilbert
LAW OFFICE OF CHRISTIAN WILBERT
30021 Tomas, Suite 300
Rancho Santa Margarita, CA 92688
Phone: (949) 459-2185
Fax: (949) 459-2186

Attorneys for Defendant,
BRUCE RODGERS

# EXHIBIT C

1    Jeffrey M. Lenkov, Esq. (SBN 156478)
    Jamie L. Fugere, Esq. (SBN 228389)
2    MANNING & MARDER
    KASS, ELLROD, RAMIREZ LLP
3    15th Floor at 801 Tower
    801 South Figueroa Street
4    Los Angeles, CA 90017
    Telephone: (213) 624-6900
5    Facsimile:  (213) 624-6999

**F I L E D**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF RIVERSIDE

SEP 24 2008

M. Preciado

6    Attorneys for Defendants OLDCASTLE GLASS, INC.; THE VISTA WALL GROUP;
7    AND BUTLER MANUFACTURING COMPANY

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                FOR THE COUNTY OF RIVERSIDE - CENTRAL

10

| | |
|---|---|
| 11   SUSAN CORLISS, | **Case No.: RIC 503804** |
| 12            Plaintiff, | [Judge Paulette Durand-Barkley - Dept  02] |
| 13   vs. | **OLDCASTLE GLASS, INC.'S CROSS-COMPLAINT AGAINST BRUCE RODGERS FOR:** |
| 14   BRUCE RODGERS, an individual; THE VISTA WALL GROUP, a business form | |
| 15   unknown; OLDCASTLE GLASS, INC.; BUTLER MANUFACTURING COMPANY; | **1. EQUITABLE INDEMNIFICATION** <br> **2. EQUITABLE CONTRIBUTION** |
| 16   DOES 1-100, inclusive, | **3. DECLARATORY RELIEF** <br> **4. NEGLIGENCE** |
| 17            Defendants. | |
| 18   OLDCASTLE GLASS, INC., | |
| 19            Cross-Complainant | |
| 20   vs. | Complaint Filed: July 18, 2008 |
| 21   BRUCE RODGERS, and ROES 1-20, inclusive, | |
| 22            Cross-Defendant. | |
| 23 | |

24       Cross-Complainant, OLDCASTLE GLASS, INC. hereby allege as follows:

25                    **FIRST CAUSE OF ACTION**

26         (For Equitable Indemnification - Against All Cross-Defendants)

27       1.      The true names and capacities, whether individual, corporate, associate, or otherwise of

28   Cross-Defendants named herein as ROES 1 through 20, inclusive, are unknown to this Cross-

-1-
G:\docsdata\JML\Corliss, S. v. Rodgers et al\Pldgs\Cross-Comp Rodgers.wpd
**OLDCASTLE GLASS, INC.'S CROSS-COMPLAINT AGAINST BRUCE RODGERS**

1   Complainant who therefore sue said Cross-Defendants by such fictitious names. Cross-Complainant

2   will seek leave of Court to amend this Cross-Complaint to show their true names and capacities when

3   the same have been ascertained.

4        2.     Cross-Complainant is informed and believes and thereon alleges that each of the Cross-

5   Defendants designated herein as ROE is responsible in some manner for the happenings and events

6   hereinafter alleged and negligently or otherwise caused injury or damages as herein alleged.  All

7   allegations contained herein apply to the Roe Cross-Defendants.

8        3.     Each of the Cross-Defendants is an agent, servant and/or employee of each of the

9   remaining Cross-Defendants, and in doing the acts hereinafter alleged, was acting within the course and

10  scope of said agency, service and employment.

11       4.     Cross-Complainant is informed and believes and thereon alleges that Cross-Defendants

12  are residents of the County of Riverside, State of California, or are doing business in the County of

13  Riverside, State of California.

14       5.     Plaintiff has commenced an action against Cross-Complainant herein, alleging damages

15  as a result of Cross-Complainant's acts or omissions.  Plaintiff's Complaint is incorporated herein by

16  reference as though fully set forth at length for informational purposes only.  Upon information and

17  belief, it is anticipated that other parties may file Cross-Complaints against this Cross-Complainant.

18       6.     Cross-Complainant has denied the allegations in the Complaint and has pled certain

19  affirmative defenses as set forth in its Answer to the Complaint which Answer is incorporated herein

20  by this reference as though fully set forth at length.

21       7.     Cross-Complainant is in no way responsible for the events or happenings or damages

22  alleged in Plaintiff's Complaint, or any future Cross-Complaints filed by any other person or entity in

23  this action.  If Plaintiff and/or other Cross-Complainants sustain damages as alleged in the Complaint

24  or the respective Cross-Complaints, such damages were caused entirely or partially by Cross-

25  Defendants herein, and each of them.

26       8.     If this Cross-Complainant is held responsible to any party in this action for any of the

27  matters alleged in Plaintiff's Complaint on file herein or in the Cross-Complaints of any other party to

28  this action, then they are entitled to partial or full indemnity by Cross-Defendants and each of them, for

any and all sums paid as a result of any damages, judgments or other awards recovered by Plaintiff, or Cross-Complaints against them, and for any loss that they may sustain in any matter because of the conduct of Cross-Defendants, and each of them, which conduct was the proximate and actual cause of the facts and damages upon which Plaintiff's Complaint and the Cross-Complaint of other parties herein, if any, are based.

9.     Cross-Complainant has incurred costs and expenses herein and will incur additional costs and expenses in the defense of this action, including costs of investigation and reasonable attorneys' fees. If upon the trial or other proceeding of this matter, Plaintiff, or any other Cross-Complainants, secure judgment against this Cross-Complainant, then this Cross-Complainant will be further damaged in the sum or sums so awarded Plaintiff and/or said Cross-Complainants. The exact amount of Cross-Complainant's damages is unknown to Cross-Complainant at this time, and Cross-Complainant seeks leave to set forth the full amount of said damages at the conclusion of the trial of this matter.

10.     By the filing of this Cross-Complaint and service on Cross-Defendants, Cross-Complainant hereby notifies said Cross-Defendants of their tender of the defense and indemnity of this action. Upon information and belief, it is alleged that the Cross-Defendants herein have and will deny to defend and indemnify this Cross-Complainant.

11.     The claims of Cross-Complainant and Cross-Defendants arise out of the same transaction or occurrence and a determination of all claims in one proceeding is necessary and appropriate in order to avoid the multiplicity of actions that would result if Cross-Complainant was required to defend the claims of Plaintiff or of any other Cross-Complainant filed herein, and then bring a separate action against Cross-Defendants and each of them, for indemnification of any sum or sums which they may be compelled to pay as a result of any damages, judgment, or other awards recovered by Plaintiff or any other Cross-Complainant in this action.

## SECOND CAUSE OF ACTION

### (Equitable Contribution - Against All Cross-Defendants)

12.     Cross-Complainant hereby incorporates the allegations contained in Paragraphs 1 through 11, inclusive of this Cross-Complaint as though fully set forth herein.

13.     Cross-Complainant has denied any responsibility whatsoever with respect to the damages

-3-

1   allegedly sustained by Plaintiff.  If it should be found by this Court that this Cross-Complainant is in

2   some manner responsible for the damages allegedly sustained by Plaintiff or any Cross-Complainants

3   herein, then any damages found to have been sustained by said Plaintiff or Cross-Complainants, in this

4   action, were proximately caused or contributed to by the conduct of these Cross-Defendants, and each

5   of them.  It is necessary that a pro-rated degree of negligence and/or fault or other culpable conduct of

6   Cross-Defendants and each of them, be determined and prorated so that this Cross-Complainant will

7   not be required to pay more than the prorated share of any damages, judgment or other awards recovered

8   by Plaintiff and/or other Cross-Complainants herein, and to pay only according to the degree of

9   negligence or fault attributed to this Cross-Complainant.

10   ### THIRD CAUSE OF ACTION

11   ### (Declaratory Relief – Against All Cross-Defendants)

12       14.    Cross-Complainant hereby incorporates the allegations contained in Paragraphs 1

13   through 13, inclusive of this Cross-Complaint as though fully set forth herein.

14       15.    An actual controversy exists between the Cross-Complainant on the one hand, and

15   Cross-Defendants, and each of them, on the other hand, in that this Cross-Complainant contends that

16   if it is held to be liable to Plaintiff on the Complaint, or any other Cross-Complainants, on their

17   respective Cross-Complaints, Cross-Defendants, and each of them, are jointly and severally liable to

18   Cross-Complainant for full or partial indemnification and/or equitable contribution and the payment

19   of reasonable attorneys' fees and costs of suit in the defense of this action.

20       16.    Cross-Complainant requests a declaration that each Cross-Defendant is required to

21   defend Cross-Complainant in connection with Plaintiff's and/or other Cross-Complainants' claims and

22   to provide partial indemnification and/or equitable contribution in connection with any liability that may

23   be adjudged against Cross-Complainant.  Such a determination is appropriate and necessary in that

24   Cross-Complainant have no adequate or speedy remedy at law and the requested judicial declaration

25   will avoid a multiplicity of suits, resulting in judicial economy and further the interests of justice.

26       17.    Cross-Complainant is informed and believes and based thereon alleges that Cross-

27   Defendants, and each of them, deny the aforesaid contentions of Cross-Complainant and specifically

28   deny the duty to defend and indemnify Cross-Complainant for reasonable attorneys' fees and costs of

1    suit in the defense of this action.

2    ## FOURTH CAUSE OF ACTION

3    ### (Negligence - Against All Cross-Defendants)

4    18.   Cross-Complainant hereby incorporates by reference the allegations contained in

5    paragraphs 1 through 17 inclusive of this Cross-Complaint the as though fully set forth herein.

6    19.   On or about [date], Cross-defendants were responsible for the safety and security of

7    Plaintiff and had an affirmative duty to exercise reasonable care. Said Cross-Defendants breached their

8    duty by failing to exercise reasonable care.

9    20.   As a proximate result of Cross-Defendants' breach of duty, Plaintiff was injured and

10   this Cross-Complainant was damaged in the amounts sued upon by the Plaintiff herein. As a result of

11   this lawsuit, Cross-Complainant was damaged insofar as it has been compelled to retain attorneys and,

12   therefore, have incurred attorney's fees, costs, and other legal expenses.

13   21.   As a further proximate result, Cross-Complainant may incur additional damages in an

14   amount which is not yet known. Cross-Complainant will seek leave of Court to state the full nature and

15   extent of these damages when they have been fully ascertained.

16   WHEREFORE, Cross-Complainant prays for judgment against each Cross-Defendant as

17   follows:

18   1.    That Cross-Defendants and each of them have the duties of indemnification and

19   contribution and to hold Cross-Complainant free and harmless from any and all liability in connection

20   with Plaintiff's Complaint;

21   2.    For reasonable attorneys' fees and costs incurred in this action;

22   3.    For such other and further relief as the Court may deem appropriate.

23   Dated: September 19, 2008

24   MANNING & MARDER
     KASS, ELLROD, RAMIREZ LLP

25   By: _____

26   Jeffrey M. Lenkov, Esq.
     Jamie L. Fugere, Esq.

27   Attorneys for Defendants/Cross-Complainant
     OLDCASTLE GLASS, INC.; THE VISTA

28   WALL GROUP; AND BUTLER
     MANUFACTURING COMPANY

-5-

# PROOF OF SERVICE

## STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 801 South Figueroa Street, 15th Floor, Los Angeles, California 90017.

On **September 22, 2008,** I served the document described as **OLD CASTLE GLASS, INC.'S CROSS-COMPLAINT AGAINST BRUCE RODGERS FOR EQUITABLE INDEMNIFICATION; EQUITABLE CONTRIBUTION; DECLARATORY RELIEF AND NEGLIGENCE** on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes addressed as follows:

> Michael J. Bidart, Esq.
> Gregory L. Bentley, Esq.
> Steve Schuetze, Esq.
> Shernoff Bidart Darras Echeverria, LLP
> 600 South Indian Hill Blvd.
> Claremont, CA 91711
> Tel: 909-621-4935
> Fax: 909-625-6915
> *Attorneys for Plaintiff SUSAN CORLISS*

☒ **(BY MAIL)** I caused such envelope to be deposited in the mail at Los Angeles, California. The envelope was mailed with postage thereon fully prepaid. I placed such envelope with postage thereon prepaid in the United States mail at Los Angeles, California. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at Los Angeles, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **(BY OVERNIGHT COURIER):** I placed the above-referenced document(s) in (an) envelope(s) designated by the express service carrier (UPS) for overnight delivery, addressed as indicated above. I delivered said UPS envelope to the personnel of our mail room. I am "readily familiar" with the firm's practice of collecting and processing documents intended for UPS overnight delivery. Under that practice, after the document is delivered to the firm's mail room, it is deposited that same day, with delivery fees provided for, in a box or other facility regularly maintained by the express service carrier or is delivered to an authorized courier or driver authorized by the express service carrier to receive documents, for overnight delivery.

☐ **(BY FACSIMILE)** I telecopied such document to the offices of the addressee at the following fax number:

☐ **(BY PERSONAL SERVICE)** I delivered such envelope by hand to the offices of the addressee.

☒ **(STATE)** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on **September 22, 2008,** at Los Angeles, California.

_Kathy A. Ce_____
KATHY CHOMUK

# EXHIBIT D

# LAW OFFICES OF CHRISTIAN W. WILBERT
30021 Tomas Street - Suite 300
Rancho Santa Margarita, CA 92688
(949) 459-2185 - Fax (949) 459-2186

December 12, 2008

Greenwich Insurance Company
**Attention: Claims Manager**
Seaview House. 70 Seaview Ave
Stamford, CT 06902-6040

RE:   Our Client:        Bruce Rodgers
      Your Insured:      The Vistawall Group/Vistawall Division
      Policy No.:        RAD 943716201
      Claimant:          Susan Corliss
      Date of Loss:      8/5/06
      Riverside County Superior Court Case No.: RIC 503804

Dear Sir or Madam:

    Our office represents Bruce Rodgers with respect to a lawsuit filed against him by Susan Corliss, Riverside County Case No: RIC 503804. The purpose of this letter is to tender this matter to Greenwich Insurance Company for a defense and indemnity. The vehicle involved in the accident qualifies for coverage as a non-owned vehicle. A copy of the Complaint and Plaintiff's Statement of Damages is enclosed.

    Mr. Rodgers was served quite some time ago. We have already filed an Answer to the Complaint on his behalf.

    Also enclosed is a copy of the Cross-Complaint against Bruce Rodgers which is also being tendered to Greenwich Insurance Company. This Cross-Complaint was served by mail upon our office on December 9, 2008.

    Please respond to this tender within ten (10) days of the date of this letter. Plaintiff's deposition is set for December 30, 2008, so time is of the essence.

Respectfully,

CHRISTIAN W. WILBERT
Attorney at Law

CWW:mh
Enclosures
cc: Bruce Rodgers

# EXHIBIT E

 **INSURANCE**

Peter Masucci
Assistant Vice President
Central Region Account Manager
Primary Casualty Claims
One World Financial Center
200 Liberty Street, 22nd Floor
New York, NY 10281
USA
Phone   +1 212-915-6412
Fax       +1 212-945-0920
Cell      +1 917-520-3295
Peter.Masucci@xlgroup.com
www.xlinsurance.com

Christian W. Wilbert
Law Offices Of Christian W. Wilbert
30021 Tomas Street – Suite 300
Rancho Santa Margarita, CA 92688

RE:   Lawsuit:        Susan Corliss v. Bruce Rodgers, et al.
      Insured:        Butler Manufacturing Company
      Claim Number: 812-YKZAC39045 03

Dear Mr. Wilbert:

We write to acknowledge receipt of your letters dated December 12, 2008 and December 15, 2008, tendering the complaint and cross-complaint filed against your client in the above-referenced matter, on behalf of your client, Bruce Rodgers, for coverage as an insured under the policy issued by Greenwich Insurance Company ("Greenwich") to Butler Manufacturing Company ("Butler") as the named insured.  While the lawsuit was filed on or about July 18, 2008 and Mr. Rodgers was served some time ago, as set forth in you December 12, 2008 letter, your letters were first tender of this matter to us on behalf of Mr. Rodgers.  Based upon the allegations of the complaint and all presently available information, Greenwich has determined that while there is a potential for coverage for the complaint and cross-complaint for Bruce Rodgers, there are very significant coverage issues which may result in an ultimate finding of no coverage for Mr. Rodgers, and also may result in a withdrawal from the payment of the defense on behalf of Mr. Rodgers, as set forth below.  At this time the claim falls within the Deductible Liability Insurance Endorsement amount set forth in the policy.  It is our understanding that you have been retained by Mr. Rodgers to provide a defense on his behalf in this matter.  Greenwich agrees to reimburse reasonable defense costs, pursuant to California Civil Code Section 2860(c) from the date of tender of this matter, or December 12, 2008, subject to the policy deductible, other available insurance and the reservation of rights set forth herein.

A complaint styled, Susan Corliss v. Bruce Rodgers, et al., Case No. RIL 503804, was filed on or about July 18, 2008 in the Superior Court for the State of California, for the County of Riverside.  The complaint names Mr. Rodgers, The Vistawall Group ("Vistawall"), Oldcastle Glass, Inc. ("Oldcastle") and Butler Manufacturing Company ("Butler") as defendants.  The complaint alleges that Mr. Rodgers was acting as an agent and/or employee of Vistawall; that Oldcastle acquired and is the successor corporation for Vistawall; and that the defendants were each agents, joint venturers, servants, employees, assistants and consultants of each other, and were as such acting within the course, scope and authority of said agency, joint venture and employment, and that each and every defendant, when acting as a principal, was negligent and reckless in the selection, hiring, entrustment and supervision of each and every other defendant as an agent, servant, employee, assistant or consultant.

The complaint contains only a First Cause of Action (Negligence) directed against all defendants which alleges that on August 5, 2006, Corliss was a passenger in a Ford Vehicle operated and driven by

Greenwich Insurance Company, Indian Harbor Insurance Company, XL Insurance America, Inc.,
XL Insurance Company of New York, Inc., XL Select Insurance Company,
XL Specialty Insurance Company

Members of the XL Capital group



Bruce Rodgers, an employee of Vistawall, at or near Ensenada, Mexico.  Per the complaint, the Ford Vehicle was owned and/or leased by Butler.

The complaint alleges that on August 5, 2006, Rodgers negligently, carelessly and/or recklessly operated, controlled, and maintained the Ford Vehicle so as to cause the Ford Vehicle to leave a roadway and cause Corliss to suffer severe injuries as a result of an automobile accident.  The complaint also alleges that Vistawall, Oldcastle and Butler were negligent and careless in their ownership, lease, control, maintenance and/or repair of the Ford Vehicle, and such negligence was a substantial factor in causing the accident.  The complaint additionally alleges that following the accident, Rodgers, with the knowledge of Vistawall, had the Ford Vehicle repaired, thereby concealing and preventing Corliss from discovering any negligent maintenance and repair deficiencies in the vehicle, and/or any product liability defects in the vehicle.  Per the complaint, Rodgers returned the Ford Vehicle to the leasor without disclosing it was in an accident, and Rodger's supervisor at Vistawall was present when the repaired vehicle was returned and had full knowledge that the vehicle being returned without disclosing that it had been in an accident and had been repaired.  The complaint alleges that this was done to intentionally cover up, conceal, suppress and destroy evidence that would have been unfavorable to defendants in an attempt to prevent Corliss form learning about the negligence of these defendants in maintaining and repairing the vehicle before the accident.

Corliss alleges that she sustained severe permanent injuries as a result of the negligence of the defendants and as a result of the accident, she suffered a C5 fracture, and is now an incomplete C5-C6 quadriplegic; she has a neurogenic bowel and bladder, no use of her lower extremities, and very limited use of her upper extremities.  She claims that she has employed physicians and surgeons and will continue to incur medical, incidental and surgical expenses; that she has suffered loss of past and future wages, and a diminished earning capacity, and she seeks general damages for her mental and physical distress, pain, suffering and disabilities, special damages, actual loss of earnings and earning capacity, and costs of suit.

Oldcastle filed a cross-complaint against Mr. Rodgers in the above-referenced matter on or about September 24, 2008 and contains the following causes of action: (1) Equitable Indemnification; (2) Equitable Contribution; (3) Declaratory Relief; and (4) Negligence.  The cross-complaint seeks a ruling that Mr. Rodgers has duties of indemnification and contribution to Oldcastle, for fees and costs and other relief.

Greenwich Insurance Company issued Commercial Automobile Liability policy number RAD943716201, effective from June 30, 2006 to June 30, 2007, to Butler Manufacturing Company as the named insured.  The policy contains a combined single liability limit of $5,000,000 for liability, subject to the $350,000 per "Accident" Deductible Liability Coverage endorsement.  The Liability Coverage designated "any auto" as a covered auto.  The policy contains form CA 00 01 03 06 which provides:

**BUSINESS AUTO COVERAGE FORM**

    \*            \*            \*

Throughout this policy the words "you" and "your" refer to the Named Insured shown in the Declarations.  The words "we", "us" and "our" refer to the Company providing this insurance.

Greenwich Insurance Company, Indian Harbor Insurance Company, XL Insurance America, Inc.,
XL Insurance Company of New York, Inc., XL Select Insurance Company,
XL Specialty Insurance Company

Members of the XL Capital group



# SECTION II – LIABILITY COVERAGE

### A.    Coverage

We will pay all sums an "insured" legally must pay as damages because of "bodily injury" or "property damage" to which this insurance applies, caused by an "accident" and resulting from the ownership, maintenance or use of a covered "auto". . . .

We have the right and duty to defend any "insured" against a "suit" asking for such damages or a "covered pollution cost or expense". However, we have no duty to defend any "insured" against a "suit" seeking damages for "bodily injury" or "property damage" or a "covered pollution cost or expense" to which this insurance does not apply. We may investigate and settle any claim or "suit" as we consider appropriate. . . .

\*                                   \*                                   \*

### 1.    Who Is An Insured

The following are "insureds":

a.    You for any covered "auto";

b.    Anyone else while using with your permission a covered "auto" you own, hire or borrow except:

    (1)    The owner or anyone else from whom you hire or borrow a covered "auto". This exception does not apply if the covered "auto". This exception does not apply if the covered "auto" is a "trailer" connected to a covered "auto" you own.

    (2)    Your "employee" if the covered "auto" is owned by that "employee" of a member of his or her household.

Greenwich Insurance Company, Indian Harbor Insurance Company, XL Insurance America, Inc.,
XL Insurance Company of New York, Inc., XL Select Insurance Company,
XL Specialty Insurance Company

Members of the XL Capital group



\*                              \*                              \*

**B.**      **Exclusions**

This insurance does not apply to any of the following:

**1.**      **Expected Or Intended Injury**

"Bodily injury" or "property damage" expected or intended from the standpoint of the "insured".

\*                              \*                              \*

The policies contain the following applicable conditions:

**SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS**

*A.*      *Loss Conditions*

**2.**      **Duties In The Event Of Accident, Claim, Suit or Loss**

We have no duty to provide coverage under this policy unless there has been full compliance with the following duties:

a.      In the event of an "accident", claim, "suit" or "loss, you must give us or our authorized representative prompt notice of the "accident" or "loss". Include:

(1)      How, when and where the "accident" or loss took place;

(2)      The "insured's" name and address; and

(3)      To the extent possible, the names and addresses of any injured persons or witnesses.

b.      Additionally, you and any other involved "insured" must:

(1)      Assume no obligation, make no payment or incur no expense without our consent, except at the "insured's" own cost.



(2)    Immediately send us copies of any request, demand, order, notice, summons or legal paper received concerning the claim or "suit";

(3)    Cooperate with us in the investigation or settlement of the claim or defense against the "suit";

(4)    Authorize us to obtain medical records or pertinent other information;

(5)    Submit to examination, at our expense, by physicians of our choice, as often as we reasonably require.

c.    If there is "loss" to a covered "auto" or its equipment you must also do the following:

(1)    Promptly notify the police if the covered "auto" or any of its equipment is stolen;

(2)    Take all reasonable steps to protect the covered "auto" from further damage.  Also keep a record of your expenses for consideration in the settlement of the claim.

(3)    Permit us to inspect the covered "auto" and records proving the "loss" before its repair or disposition.

(4)    Agree to examination under oath at our request and give us a signed statement of your answers.

*       *       *

**B.    General Conditions**

**2.    Concealment, Misrepresentation Or Fraud**

This Coverage Form is void in any case of fraud by you at any time as it related to this Coverage Form.  It is also void if you or any other "insured", at any time, intentionally conceal or misrepresent a material fact concerning:

a.    This Coverage Form;

b.    The covered "auto";

c.    Your interest in the covered "auto"; or

Greenwich Insurance Company, Indian Harbor Insurance Company, XL Insurance America, Inc.,
XL Insurance Company of New York, Inc., XL Select Insurance Company,
XL Specialty Insurance Company

Members of the XL Capital group



    d.      A claim under this Coverage Form.

               *                                       *

**5.**    **Other Insurance**

    a.      For any coverage "auto" you own, this Coverage Form provides primary insurance.  For any covered "auto" you don't own, the insurance provided by this Coverage Form is excess over any other collectible insurance.  However, while a covered "auto" which is a "trailer" is connected to another vehicle, the Liability Coverage this Coverage From provides for the "trailer" is:

        (1)      Excess while it is connected to a motor vehicle you do not own.

        (2)      Primary while it is connected to a covered "auto" you own.

    b.      For Hired Auto Physical Damage Coverage, any covered "auto" you lease, hire, rent or borrow is deemed to be a covered "auto" you own. However, any "auto" that is leased, hired, rented or borrowed with a driver is no a covered "auto".

    c.      Regardless of the provisions of Paragraph a. above, this Coverage Form's Liability Coverage is primary for any liability assumed under an "insured contract".

    d.      When this Coverage Form and any other Coverage Form or policy covers on the same basis, either excess or primary, we will pay only our share. Our share is the proportion that the Limit of Insurance of our Coverage Form bears to the total of the limits of all the Coverage Forms and policies covering on the same basis.

The policy contains the following applicable definitions:

### SECTION V – DEFINITIONS

**A.**    "Accident" includes continuous or repeated exposure to the same conditions resulting in "bodily injury" or "property damage".

      *                           *                      *

**C.**    "Bodily injury" means bodily injury, sickness or disease sustained by a person including death resulting from any of these.

**XL**INSURANCE

\*                             \*                             \*

G.     "Insured" means any person or organization qualifying as an insured in the Who Is An Insured provision of the applicable coverage.  Except with respect to the Limit of Insurance, the coverage afforded applies separately to each insured who is seeking coverage or against whom a claim or "suit" is brought.

\*                             \*                             \*

The policy contains the LIMITED MEXICO COVERAGE endorsement, form CA 01 21 02 99, which provides:

### LIMITED MEXICO COVERAGE

**WARNING**

AUTO ACCIDENTS IN MEXICO ARE SUBJECT TO THE LAWS OF MEXICO ONLY – **NOT** THE LAWS OF THE UNITED STATES OF AMERICA.  THE REPUBLIC OF MEXICO CONSIDERS ANY AUTO ACCIDENT A **CRIMINAL OFFENSE** AS WELL AS A CIVIL MATTER.

IN SOME CASES THE COVERAGE PROVIDED UNDER **THIS ENDORSEMENT MAY NOT BE RECOGNIZED BY THE MEXICAN AUTHORITIES** AND WE MAY NOT BE ALLOWED TO IMPLEMENT THIS COVERAGE AT ALL IN MEXICO.  YOU SHOULD CONSIDER PURCHASING AUTO COVERAGE FROM A LICENSED MEXICAN INSURANCE COMPANY BEFORE DRIVING IN MEXICO.
THIS ENDORSEMENT DOES **NOT** APPLY TO ACCIDENTS OR LOSSES WHICH OCCUR OUTSIDE OF 25 MILES FROM THE COUNDARY OF THE UNITED STATES OF AMERICA.

A.     **Coverage**

    1.     Paragraph 7. **Policy Period, Coverage Territory** of the **General Conditions** is amended by the addition of the following:

Greenwich Insurance Company, Indian Harbor Insurance Company, XL Insurance America, Inc.,
XL Insurance Company of New York, Inc., XL Select Insurance Company,
XL Specialty Insurance Company                                   Members of the XL Capital group



The coverage territory is extended to include Mexico but only for:

a.   "Accidents" or "losses" occurring within 25 miles of the United States border; and

b.   Trips to Mexico of 10 days or less.

2.   The **Other Insurance** Condition in the Business Auto, Business Auto Physical Damage and Garage Coverage Forms and the **Other Insurance – Primary And Excess Insurance Provisions** Condition in the Truckers and Motor Carrier Coverage Forms is replaced by the following:

The insurance provided by this endorsement will be excess over any other collectible insurance.

**B.   Physical Damage Coverage** is amended by the addition of the following:

If a "loss" to a covered "auto" occurs in Mexico, we will pay for such "loss" in the United States.  If the covered "auto" must be repaired in Mexico in order to be driven, we will not pay ore than the actual cash value of such "loss" at the nearest United States Point where the repairs can be made.

**C.   Additional Exclusions**

The following additional exclusions are added:

This insurance does not apply:

1.   If the covered "auto" is not principally garaged and principally used in the United States.

2.   To any "insured" who is not a resident of the United States.

The policy also includes Endorsement #001, the BROAD NAMED INSURED ENDORSEMENT, which provides:

Greenwich Insurance Company, Indian Harbor Insurance Company, XL Insurance America, Inc., XL Insurance Company of New York, Inc., XL Select Insurance Company, XL Specialty Insurance Company

Members of the XL Capital group



It is agreed that:

1.  Subparagraph a. of Section II. A. 1. ("WHO IS AN INSURED") of the Policy is deleted and replaced with the following:

    a.  For any covered "auto", you, any subsidiary, affiliate or organization, other than a partnership or joint venture, as may now exist or hereafter be constituted over which you assume active management or maintain ownership or majority interest, provided that you notify us within ninety (90) days from the date that any such subsidiary or affiliate is acquired or formed that there is no other similar insurance available to that organization. However coverage does not apply to "bodily injury" or "property damage" that occurred before you acquired or formed the organization.

2.  Nothing in this Endorsement shall affect the responsibilities, duties or obligations of either the first Named Insured or of the Company under the Policy.

The policy also contains Endorsement #005 KNOWLEDGE OF ACCIDENT, which provides:

Knowledge of an "accident", claim, "suit" or loss by the agent, servant or employee of any "insured" shall not in itself constitute knowledge by the "insured" unless the Named Insured or any partner or any executive officer or any other officer or person responsible for insurance matters of the Named Insured received or should have reasonably received such notice from the agent, servant or employee.

The policy contains Endorsement #009, DEDUCTIBLE LIABILITY COVERAGE (Allocated Loss Adjustment Expenses Reduce Deductible), which schedules a $350,000 per "Accident" deductible, and provides:

The policy is changed as follows:

A.  DEDUCTIBLE

    The damages that would otherwise be payable under the policy will be reduced by the per "accident" Deductible shown in the Schedule prior to the application of the LIMIT OF INSURANCE provision.

B.  ALLOCATED LOSS ADJUSTMENT EXPENSES

    "Allocated Loss Adjustment Expenses" for claims within the Deductible shall be paid by you and shall reduce the Deductible amounts stated in the above Schedule. After the Deductible has been exceeded by your payments of claims

Greenwich Insurance Company, Indian Harbor Insurance Company, XL Insurance America, Inc.,
XL Insurance Company of New York, Inc., XL Select Insurance Company,
XL Specialty Insurance Company

Members of the XL Capital group



and related "Allocated Loss Adjustment Expenses", we shall pay all "Allocated Loss Adjustment Expenses".

Paragraph 2.a. of Section II of the Policy ("Supplementary Payments") is deleted.

"Allocated Loss Adjustment Expenses" is defined as those expenses which are directly allocable to a particular claim as follows:

1.    All expenses we incur.

2.    Up to $250 for cost of bail bonds (including bonds for related traffic law violations) required because of an "accident" we cover.  We do not have to furnish these bonds.

3.    The costs of bonds to release attachments in any "suit" we defend, but only for bond amounts within our Limit of Insurance.

4.    All reasonably expenses incurred by the "insured" at our request, including actual loss of earnings up to $100 a day because of time off from work.

5.    All costs taxed against the "insured" in any "suit" we defend.

6.    All interest on the full amount of any judgment that accrues after entry of the judgment in any "suit" we defend, but our duty to pay interest ends when we have paid, offered to pay or deposited in court the part of the judgment that is within our Limit of Insurance.

C.    **OUR RIGHT TO REIMBURSEMENT**

All policy provisions regarding the Company's right and duty to defend are deleted and replaced with the following:

The Company's obligation to pay damages on behalf of the "insured" applies only to the amount of damages in excess of the Deductible amount stated above as applicable to the coverage afforded by this policy, and the Limit of Insurance shown in this policy as being applicable to each "accident" for those coverages, shall be reduced by the amount of that Deductible.

To settle any claim or suit, the Company may pay the entire amount of damages, inclusive of the Deductible amount, and the "insured" shall promptly reimburse the Company for a) the Deductible amount and b) all related "Allocated Loss Adjustment Expenses" within the Deductible amount incurred by the Company in defending the claim or suit.

Greenwich Insurance Company, Indian Harbor Insurance Company, XL Insurance America, Inc.,
XL Insurance Company of New York, Inc., XL Select Insurance Company,
XL Specialty Insurance Company

Members of the XL Capital group



As an initial matter, based upon the allegations of the complaint and the facts known to Greenwich, Rodgers potentially qualifies as an insured under the policy.

The complaint alleges "bodily injury" as that term is defined in the policy such that it appears that there is a potential for coverage for this matter, and the allegations and damages related to such "bodily injury" under the policy.

However, as set forth above, there are several very significant coverage concerns based upon the allegations of the complaint, other facts provided, and the language of the policy.

Mr. Rodgers qualifies as an insured under the policy under the Who Is An Insured section only to the extent that he was using a covered auto with the permission of Butler. The complaint alleges that Vistawall and Butler expressly authorized and knew that the company vehicle was being used for non-business purposes by Rodgers, and that Vistawall and Butler consented to and authorized use of the company vehicle for all purposes. Butler and Vistawall deny these allegations. To the extent that Mr. Rodgers did not have permission to use the vehicle at the time of the accident, he will not qualify as an insured under the policy, and there will be no coverage for Mr. Rodgers under the policy. To the extent Mr. Rodgers is being afforded a defense under this policy, such a defense will be withdrawn upon a ruling by the court that Mr. Rodgers did not have permission to use the vehicle at the time of the accident.

The LIMITED MEXICO COVERAGE endorsement specifically states that the endorsement does not apply to accidents which occur outside of 25 miles from the boundary of the United States of America. There can be no coverage for this matter for Mr. Rodgers if the accident at issue took place more than 25 miles away from the United States border. The exact location of the accident is a matter still under investigation. Greenwich specifically reserves the right to withdraw the defense from Mr. Rodgers, and file a declaratory judgment action if necessary, if the facts show that the accident took place more than 25 miles from the United States border.

The accident took place on August 5, 2006, and was not reported to Greenwich until on or about April 29, 2008. In the meantime, as alleged in the complaint, Mr. Rodgers had the vehicle repaired. The complaint alleges that Vistawall may had knowledge of these repair activities. The complaint also alleges that such repairs have prevented the plaintiff from determining whether the vehicle was properly maintained and/or repaired prior to the accident. This unreported repair has the potential of greatly prejudicing Greenwich's ability to provide a full and complete defense to all defendants on all allegations and claims. Moreover, Mr. Rodgers' retained his own attorney and conducted his own defense in this matter for several months prior to tendering the matter to Greenwich under the policy, and such actions also have the potential of greatly prejudicing Greenwich's ability to provide a full and complete defense to Mr. Rodgers. Accordingly, Greenwich reserves the right on these specific breaches of the notice condition of the policy, and all potential notice breaches of the policy, to disclaim coverage for indemnity for this matter and/or withdraw from the defense if appropriate. Likewise, Greenwich reserves the right to file a declaratory judgment action on this and any notice issue.

The policy also contains a condition provision that prohibits concealment, misrepresentation or fraud regarding the covered auto at issue and related to a claim under the policy. The actions of Mr. Rodgers could be construed to constitute concealment, misrepresentation and/or fraud. Additionally, per



the allegations of the complaint, the actions of other defendants may be construed to constitute concealment, misrepresentation and/or fraud. Greenwich specifically reserves its rights to disclaim coverage for indemnity, to withdraw from the defense, and/or to file a declaratory judgment action regarding this issue.

There are several additional provisions of the policy that may be applicable to this matter to allow Greenwich to limit or deny coverage. Greenwich reserves its right to limit or deny coverage for any reason, not limited to the following:

1.      There can be no coverage for this matter to the extent any insured "expected or intended" the injury at issue, per the application of exclusion 1. Expected Or Intended Injury.

2.      Coverage under this policy may be excess over any other collectible insurance available to any of the insureds. Accordingly, Greenwich requests that you immediately forward to us all insurance policies which apply to you as an insured for this matter, including any personal auto or general liability insurance policies.

In stating the foregoing reasons for its coverage position under the policy, Greenwich does not waive, but rather specifically reserves its right to raise additional defenses to coverage, including the right to disclaim coverage on any additional bases that may become apparent as this matter progresses and we obtain additional information. Greenwich does not waive any of the coverage defenses and will not be estopped from raising additional defenses. The activity on the part of Greenwich by way of defense, investigation and/or settlement or any other action with respect to this matter does not constitute a waiver of any of Greenwich's rights with respect to coverage. Greenwich reserves the right to file a declaratory judgment for the purpose of asserting non-coverage, and reserves the right to withdraw from this matter in accordance with applicable law, and subject to the facts developed in the course of discovery and any future pleadings.

Greenwich requests that Mr. Rodgers attend all mediations and/or settlement meetings as Greenwich will be seeking contribution from Mr. Rodgers for indemnity of all non-covered claims or damages. Mr. Rodgers will be responsible for any settlement or judgment of uncovered damages awarded against them. Please be advised that should Greenwich choose to settle these matters and should Mr. Rodgers choose not to contribute towards the settlements of the uncovered damages, Greenwich reserves its rights to seek reimbursement from Mr. Rodgers for settlement monies it paid for the uncovered claims. Additionally, Greenwich reserves its rights, including its right to file a declaratory judgment action, to seek reimbursement from Mr. Rodgers for defense costs paid in the defense of uncovered allegations, claims and/or causes of action.

Greenwich's position as to its coverage obligations for this matter are premised upon presently known facts and is, by necessity, subject to change as additional allegations and facts are developed. If you have any facts that would affect our decision, please provide these facts to us at your earliest convenience.

As set forth above, at this time the claim falls within the Deductible Liability Insurance Endorsement amount set forth in the policy. As also set forth above, Greenwich's obligations to reimburse defense costs in this matter are limited to those costs incurred after the date of the tender of this matter to Greenwich, or December 12, 2008, and are also limited per the application of California Civil Code Section 2860(c) to "the rates which are actually paid by the insurer to attorneys"

Greenwich Insurance Company, Indian Harbor Insurance Company, XL Insurance America, Inc.,
XL Insurance Company of New York, Inc., XL Select Insurance Company,
XL Specialty Insurance Company                                    Members of the XL Capital group



retained by it in the ordinary course of business in the defense of similar actions in the community where the claim arose or is being defended."

Pursuant to the California Code of Regulations, Title 10, Chapter 5, Subchapter 7.5: Unfair Claims Settlement Practices Regulations, you may have this matter reviewed by the California Department of Insurance at 3450 Wilshire Boulevard, Los Angeles, California, 90010, or at (800) 927-4357 or (213) 897-8921.

If you have any questions, or if any of the above information is unclear, please contact Peter Masucci at 212-915-6412.

Very truly yours,

Peter Masucci, AVP

Cc:     Dale Smith
        BlueScope Steel/Butler Manufacturing Company
        1540 Genesee Street
        Kansas City, MO 64102

        Ray Abromitis, Director of Risk Management
        BlueScope Steel/Butler Manufacturing Co.
        1540 Genesee St
        Kansas City, MO 64102

        Dan O'Connor
        SRS
        PO Box 3177
        Naperville, IL 60566

        Anthony Greene, VP
        Marsh
        2405 Grand Blvd., Suite 1500
        Kansas City, MO 64141

Greenwich Insurance Company, Indian Harbor Insurance Company, XL Insurance America, Inc.,
XL Insurance Company of New York, Inc., XL Select Insurance Company,
XL Specialty Insurance Company

Members of the XL Capital group

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Virginia A. Phillips and the assigned discovery Magistrate Judge is John E. McDermott.

The case number on all documents filed with the Court should read as follows:

## EDCV10-430 VAP (JEMx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

==========================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [X] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
|---|---|---|

Failure to file at the proper location will result in your documents being returned to you.

Mary E. McPherson  (SBN 177194)
Mohammed S.  Mandegary  (SBN 235529)
TRESSLER LLP
3070 Bristol St., Suite 450
Costa Mesa, CA  92626
Tel: (714) 429-2900; Fax: (714) 429-2901
Attorneys for Plaintiff, GREENWICH INSURANCE CO.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| GREENWICH INSURANCE COMPANY, a Delaware Corporation, <br><br> PLAINTIFF(S) <br><br> v. <br><br> BRUCE RODGERS, and DOES 1-10, inclusive, <br><br> DEFENDANT(S). | CASE NUMBER <br><br> **EDCV 10-00430 VAP(JEMx)** <br><br><br> **SUMMONS** |

TO:   DEFENDANT(S):   <u>BRUCE RODGERS</u>

A lawsuit has been filed against you.

Within ___21___ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☒ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, <u>Mary E. McPherson, Esq.</u>, whose address is <u>Tressler LLP, 3070 Bristol St., Suite 450, Costa Mesa, CA 92626</u>. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: _____**MAR 2 3 2010**_____

By: _____TRINA DEROSE_____

Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

### UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
#### CIVIL COVER SHEET

| I (a) PLAINTIFFS   (Check box if you are representing yourself ☐ ) | DEFENDANTS |
|---|---|
| GREENWICH INSURANCE COMPANY,<br>a Delaware Corporation, | BRUCE RODGERS, and DOES 1-10, inclusive, |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Mary E. McPherson  (SBN 177194)<br>Mohammed S. Mandegary  (SBB 235529)<br>TRESSLER LLP<br>3070 Bristol Street, Suite 450<br>Costa Mesa, CA  92626<br>Tel:(714) 429-2900; Fax: (714) 429-2901 | Christian W. Wilbert<br>Law Offices of Christian W. Wilbert<br>30021 Tomas Street, Suite 300<br>Rancho Santa Margarita, CA  92688<br>Tel: (949) 459-2185; Fax: (949) 459-2186 |

**II.  BASIS OF JURISDICTION** (Place an X in one box only.)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III.  CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV.  ORIGIN** (Place an X in one box only.)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V.  REQUESTED IN COMPLAINT:   JURY DEMAND:** ☐ Yes ☒ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☐ No   ☐ **MONEY DEMANDED IN COMPLAINT: $**

**VI.  CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Diversity of citizenship pursuant to 28 U.S.C. § 1332.
Proper venue pursuant to 28 U.S.C. § 1391.
Declaratory Relief pursuant to 28 U.S.C.§ 2201 - Insurance coverage

**VII.  NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☒ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | REAL PROPERTY | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 210 Land Condemnation | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 220 Foreclosure | IMMIGRATION | ☐ 660 Occupational Safety/Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus-Alien Detainee | | FEDERAL TAX SUITS |
| | ☐ 240 Torts to Land | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | | ☐ 871 IRS - Third Party 26 USC 7609 |

**FOR OFFICE USE ONLY:   Case Number:   EDCV 10-00430 VAP(JEMx)**

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08)                                     CIVIL COVER SHEET                                     Page 1 of 2
                                                                                                        CCD-JS44

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a).** **IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? [X] No  [ ] Yes
If yes, list case number(s):

**VIII(b).** **RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? [X] No  [ ] Yes
If yes, list case number(s):

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  [ ] A. Arise from the same or closely related transactions, happenings, or events; or
                              [ ] B. Call for determination of the same or substantially related or similar questions of law and fact; or
                              [ ] C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                              [ ] D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
     [ ] Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | Incorporated in Delaware<br>Principal Place of Business in Pennsylvania |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
     [ ] Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Riverside County |  |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
     **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  | Mexico |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

X.  SIGNATURE OF ATTORNEY (OR PRO PER):   _Mary E McPherson_         Date _March 23, 2010_

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |